Raymond Sansone, Plaintiff-Appellee, v. The Atchison, Topeka and Santa Fe Railway Company, a Corporation, and Chicago Produce Terminal, a Corporation, Defendants-Appellants.

Gen. No. 50,754.

First District, Second Division.

May 9, 1967.

Floyd Stuppi, John J. Schmidt and Gus Svolos, of Chicago, for appellants.

Barbera and Friedlander, of Chicago (Dom J. Rizzi and A. J. Hardiman, of counsel), for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Cook County, wherein the defendants, the Atchison, Topeka and Santa Fe Railway Company (hereinafter referred to as Santa Fe) and the Chicago Produce Terminal were found guilty of negligence. Plaintiff was awarded $10,000 for the injuries he suffered. Several allegations of error are raised by the defendants. They contend that the trial court erred in not granting their motions for a directed verdict or a judgment notwithstanding the verdict and that the verdict was against the manifest weight of the evidence.

On August 19, 1957, the plaintiff, Raymond Sansone, drove to the Chicago Produce Terminal with an employee, Johnny C. Terrell, to unload a boxcar of potatoes located on track 36 on the premises of the Chicago Produce Terminal. Before going to the track where he was to unload the potatoes, the plaintiff stopped at the weight station where an employee of the Chicago Produce Terminal weighed his truck and gave him a scale ticket.

After the plaintiff and his employee had unloaded about one-half of the boxcar, there was "a sudden jolting action" which moved the cars and truck and the truck knocked the plaintiff backwards. Plaintiff struck the corner of the tail gate with his back and then fell to the concrete platform sustaining the injuries complained of at the trial. Neither he nor his employee saw what caused the boxcar to move.

The sum and substance of the plaintiff's case against the Santa Fe is as follows: Leon Helton, an engineer for the defendant Santa Fe, testified that he was working at the Chicago Produce Terminal on the date of the accident and that he had engaged in some switching operations on track 36 on that date. The only other evidence connecting the Santa Fe to the scene of the accident is an answer to an interrogatory which disclosed that the defendant Santa Fe had moved a locomotive and cars on track 36 on the day of the accident. Nowhere is it shown when this movement was made on that date. Plaintiff also failed to introduce any evidence of negligence on the part of the Santa Fe.

█ It is clear that damages cannot be assessed upon a mere surmise and conjecture as to what possibly happened to cause an injury. The law requires affirmative and positive proof of actionable negligence as to the proximate cause of injuries suffered to warrant an assessment of liability. Deming v. Hallberg, 221 Ill App 180.

█ In regard to the Santa Fe, inasmuch as the plaintiff failed to (1) connect the defendant to the accident, (2) to establish the cause of the accident, or (3) to establish that the Santa Fe was negligent, it is clear that the plaintiff failed to make out a prima facie case against the Santa Fe and that the trial court erred in refusing to grant either a directed verdict or a judgment notwithstanding the verdict.

We will consider the remainder of the issues raised here as they apply to the Chicago Terminal.

It is clear that the Chicago Produce Terminal owned and controlled the premises on which the accident occurred. It is also clear that the defendant, Chicago Produce Terminal, knew of the presence of the plaintiff on the day in question. The Chicago Produce Terminal also directed the plaintiff to the track and railroad car where the alleged mishap took place. The definition of an invitee and of the duty to such a defendant is stated in ILP, chap 3, § 52, as follows:

> "Within the meaning of the rule imposing the duty on an owner, occupant, or person in charge of premises to exercise ordinary care to keep the premises reasonably safe for an invitee, an invitee is one who enters on the premises of another in response to an express or implied invitation. More fully stated, an invitee is one who comes upon premises owned or controlled by another by his express or implied invitation in order to transact business in which the parties are mutually interested."

And the duty in regard to warning of danger is stated in ILP, chap 3, § 51, as follows:

> "One who owns or is in charge of premises owes his invitees thereon a duty to warn them of any danger of which he knows or should know and of which they are not aware." Brunet v. S. S. Kresge Co., 115 F2d 713; Geraghty v. Burr Oak Lanes, Inc., 5 Ill2d 153.

But there was no testimony in regard to the condition of the premises which would make it necessary for the defendants to warn the plaintiff of such condition or that the condition had anything to do with the alleged mishap.

The defendant, Chicago Produce Terminal, points to statements by the plaintiff that he was injured by falling down stairs at another place. There was also evidence

from Johnny Terrell, plaintiff's employee, on the day of the accident, that no such mishap took place and that plaintiff was not hurt at the Chicago Produce Terminal. Johnny Terrell was convicted of testifying falsely before the judge in this case and was fined therefor.

█ We find that it was error for the trial court to have refused to grant Terminal's motion for judgment notwithstanding the verdict.

For these reasons the judgment is reversed as to both defendants and the cause is remanded with directions to enter judgments notwithstanding the verdict for both defendants and against the plaintiff.

Judgments reversed and cause remanded with directions.

LYONS, P. J. and BURKE, J., concur.