**Charlene O'Brien, Plaintiff-Appellant, v. Colonial Village, Inc., a Corporation, East Towne Shopping Center, Inc., a Corporation, and the Chas. V. Weise Co., a Corporation, Defendants-Appellees.**

Gen. No. 69–98.

Second District.

January 22, 1970.

Berry, Simmons and Coplan, of Rockford, for appellant.

Edwin T. Powers, Jr., and Robert K. Clark, of Rockford, for appellees.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Appeal is from a final order dismissing the amended complaint of Charlene O'Brien against the owners and operators of a shopping center, Colonial Village, Inc., and East Towne Shopping Center, Inc., and one of the tenants of the center, The Chas. V. Weise Co. The single issue is whether the complaint states a cause of action for injuries resulting from a criminal assault by a third person which occurred in the parking area.

The amended complaint alleged, in material substance, that plaintiff drove her car to the shopping center at about 4:30 p. m. on June 18th, 1966, parked it, and went to the Weise Co. store, where she made a purchase; that upon her return, when her car would not start, an unknown male offered to help and thereby gained entrance to her car; then assaulted her and drove her from the scene.

The shopping center is described as consisting of twenty-seven business establishments, "so large as to be a small city or village," with a ten-acre parking lot. The duty to exercise reasonable care to protect customers from unlawful attacks and to warn of dangers is charged. Breach of duty is alleged in the failure to provide security personnel to police the premises, coupled with the fact that the city does not police the parking area.[1]

We conclude that the trial court properly dismissed the complaint for failure to allege facts sufficient to create a duty on the part of defendants to the plaintiff, as a matter of law.

■ There is a duty of an owner or occupier of land, which the public is invited to patronize, to maintain the premises in a reasonably safe condition for anticipated use; and there may be circumstances which extend

[1] The original complaint had charged prior incidents of criminal activity on the premises which were known to defendants. After defendants filed a motion for a bill of particulars, plaintiff was unable to support these allegations and the complaint was amended to delete them.

this responsibility to protect a patron against a criminal attack by a third person. See 10 ALR3d, Annotated, 619, 630–635.

The plaintiff argues that the city-like presence of thousands of people daily on the premises raised a duty to anticipate and guard against criminal action. However, the liability at common law is not that of an insurer, but is based on fault. See Shelton v. The City of Chicago, 42 Ill2d 468, 475, 248 NE2d 121 (1969); and Miller v. Chicago Transit Authority, 78 Ill App2d 375, 383, 223 NE2d 323 (1966). Obviously, every risk which is foreseeable does not create a duty to an injured person. In addition, the likelihood of injury, the magnitude of the burden of guarding against it, and the desirability of placing the burden upon a defendant must also be considered. Lance v. Senior, 36 Ill2d 516, 518, 224 NE2d 231 (1967); Loring v. Heinz, 108 Ill App2d 451, 454, 248 NE2d 785 (1969).

Plaintiff relies principally on Neering v. Illinois Cent. R. Co., 383 Ill 366, 50 NE2d 497 (1943). While the sufficiency of the complaint was not the issue in Neering, the facts are entirely dissimilar. There the defendant was charged with knowledge that the area was infested with tramps, hobos and other undesirable characters; a "hobo jungle" was nearby; the railroad had notice that these persons loitered about and even slept in the waiting room; and, in fact, had been so notified by the plaintiff.

In Meyer v. Riverview Park Co., 342 Ill App 218, 222, 96 NE2d 379 (1950) the pleadings in Neering were noted by the court, which concluded that the prerequisite of a good complaint in a case similar to this must show not only danger of assault but that the defendant had notice of such danger and should reasonably have anticipated it.

In Altepeter v. Virgil State Bank, 345 Ill App 585, 597, 104 NE2d 334 (1952), the failure to allege in the

complaint that the Bank knowingly permitted robbers or undesirable characters to loiter about its premises was said to distinguish that case from Neering. The complaint was held insufficient to raise a duty to guard against the criminal act of one not in the bank's employ. See also Moore v. Yearwood, 24 Ill App2d 248, 250–251, 164 NE2d 215 (1960).

██ ██ We conclude that the common-law duty of reasonable care owed to persons lawfully on premises cannot be extended to a duty to guard against the criminal acts of a third person, absent knowledge of previous incidents or special circumstances which would charge the owners with knowledge of the dangers and the duty to anticipate it. Such circumstances are not alleged in this complaint, and it, therefore, failed to state a cause of action.

The judgment below is affirmed.

Affirmed.

ABRAHAMSON and MORAN, JJ., concur.