JOHN WESLEY BURKS, Plaintiff-Appellant, *v.* ISOURA MADYUN, Defendant-Appellee.

First District (5th Division)   No. 80-3231

Opinion filed April 16, 1982.

Alan Kawitt, of Law Offices of Alan Kawitt, of Chicago (Marilyn Floyd, of counsel), for appellant.

McKenna, Storer, Rowe, White & Farrug, of Chicago (Robert S. Soderstrom and Shaun McParland, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

The plaintiff, John Burks, filed a one-count complaint against defendant, Isoura Madyun, seeking damages for personal injuries suffered

as a result of defendant's wilful and wanton negligence in not warning him against the danger of criminal attack by third persons while on her premises. Defendant moved to dismiss the second amended complaint for failure to state a cause of action apparently pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 45). The trial court granted defendant's motion to dismiss and plaintiff appeals from that order.

The issues on appeal are (1) whether plaintiff's second amended complaint was improperly dismissed with prejudice for failure to set forth facts demonstrating that defendant had both notice of imminent danger to plaintiff and was also in special relationship with him, which gave rise to a legal duty to warn or protect him against the criminal acts of third parties, and (2) whether the complaint was improperly dismissed for failure to state a cause of action for wilful and wanton misconduct as a matter of law.

Plaintiff's second amended complaint contained the following pertinent allegations. Defendant owned and occupied the premises at 5631 S. Hoyne Avenue in Chicago, Illinois, as a family residence. On March 28, 1979, defendant invited plaintiff upon the property to stay with her high-school aged boys for a certain fee so that she might attend to personal business. The pleading alleged that defendant had an affirmative duty to warn plaintiff of the "extremely dangerous situation" into which she was placing him.

Specifically, plaintiff alleged that defendant was guilty of the following wilful and wanton misconduct: (1) misstating to plaintiff that her boys were merely having trouble "at school" when they were actually having trouble "with gangs at school," (2) withheld information from plaintiff that her boys had had threats upon their lives from these gangs who knew where the boys lived, (3) withheld information from plaintiff that his life and/or limbs would be in danger should he stay with her boys, (4) induced plaintiff to stay upon her property with her boys when she either knew or should have known of danger to him in doing so, and (5) was otherwise guilty of wilful and wanton misconduct.

The complaint further alleged that as a result of this misconduct, and while he was upon defendant's property in a special relationship, her house was broken into by one or more third persons who shot him, causing him severe bodily injuries.

Defendant's motion to dismiss argued that plaintiff's complaint failed to state a cause of action. In support thereof, she argued that a duty to protect another from criminal acts by third persons exists under Illinois law only when there is both a "special relationship" between the defendant and the person who suffers harm, and only if the defendant has notice of the danger. Defendant maintained that the complaint failed to

set forth facts demonstrating either a special relationship with the plaintiff or notice of the danger, and, therefore, defendant had no legal duty to warn plaintiff of any potential danger of criminal attack by third persons.

After reviewing the parties' memoranda and hearing argument, the trial court determined that plaintiff's second amended complaint failed to state a cause of action and issued an order dismissing it with prejudice.

OPINION

We turn first to the contention of whether the complaint states a cause of action sufficient to withstand the motion.

The Civil Practice Act provides that pleadings shall be liberally construed with a view to doing substantial justice (Ill. Rev. Stat. 1973, ch. 110, par. 33(3)) although it will not sustain a complaint which wholly fails to state a cause of action. *Smith v. Chicago Housing Authority* (1976), 36 Ill. App. 3d 967, 344 N.E.2d 536.

In determining the legal sufficiency of a complaint on a motion to dismiss, all well pleaded facts are to be taken as true (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 380 N.E.2d 790), and a reviewing court must determine whether the allegations of the complaint, when interpreted in the light most favorable to plaintiff, are sufficient to set forth a cause of action upon which relief may be granted. *Farns Associates Inc. v. Sternback* (1979), 77 Ill. App. 3d 249, 395 N.E.2d 1103.

Plaintiff argues that his second amended complaint set forth facts which demonstrate that defendant had a special relationship with him which gave rise to a legal duty to warn or protect him against the criminal acts of third parties, and therefore his complaint was improperly dismissed.

Necessary to recovery in the present case is the existence of a duty or an obligation requiring one to conform to a certain standard of conduct for the protection of another against an unreasonable risk. (*Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 328 N.E.2d 538.) Under Illinois law, a complaint must allege the breach of a duty owed by the defendant to the plaintiff in order to state a cause of action for negligence. (*Boyd v. Racine Currency Exchange, Inc.* (1973), 56 Ill. 2d 95, 306 N.E.2d 39.) The existence of a duty, the legal obligation imposed upon one for the benefit of another, is a question of law to be determined by the court. *Barnes v. Washington* (1973), 56 Ill. 2d 22, 305 N.E.2d 535.

Plaintiff argues that the relationship between the defendant and himself is a special relationship such that the defendant had a duty to warn him of danger or otherwise insure his safety. The complaint alleges that he was invited upon her property for the express purpose of caring for her high school children in exchange for a fee, *i.e.*, as a "babysitter."

In deciding whether a special relationship exists, the Illinois courts

have relied upon the Restatement (Second) of Torts. (*Mitchell v. Archibald & Kendall, Inc.* (7th Cir. 1978), 573 F.2d 429.) The Restatement (Second) of Torts §314A (1965) lists four special relations that give rise to a duty to protect another from harm. They are: (1) carrier-passenger, (2) innkeeper-guest, (3) business inviter-invitee, and (4) one who voluntarily takes custody of another under circumstances such as to deprive the other of his normal opportunities for protection.

In the present case, plaintiff concedes that the first, second and fourth relationships are not applicable to the facts of the case. He maintains, however, that he was a business invitee on defendant's premises at the time the criminal assault occurred.

An invitee, as that term has evolved in Anglo-American law, is a person who goes on the property of another by express or implied invitation to transact business in which he and the owner have a mutual interest. (*Ellguth v. Blackstone Hotel, Inc.* (1951), 408 Ill. 343, 97 N.E.2d 290.) He is invited on the premises of the owner to promote some real or fancied material, financial, or economic interest of the owner. *Madrazo v. Michaels* (1971), 1 Ill. App. 3d 583, 274 N.E.2d 635.

To his invitee the owner is liable for injuries caused by the failure to exercise due care to make the premises reasonably safe for the invitee's use. *Sansone v. Atchison, Topeka & Santa Fe Ry. Co.* (1967), 83 Ill. App. 2d 435, 228 N.E.2d 101.

■■ Illinois decisional law supports the rule that a person is an invitee on the land of another if (1) he enters by invitation, express or implied, (2) his entry is connected with the owner's business or with an activity the owner conducts or permits to be conducted on his land, and (3) there is a mutuality of benefit or a benefit to the owner. *Madrazo v. Michaels* (1971), 1 Ill. App. 3d 583, 274 N.E.2d 635.

Defendant argues that plaintiff's status as a babysitter is not included within the business inviter-invitee relationship. However, as the court in *Madrazo* observed, "Common sense tells us all that one who goes to the home of another to * * * care for his children is not partaking of diversion or hospitality. * * * Therefore, plaintiff was not defendants' social guest; [he] was their invitee. *Benedict v. Podwats* (1970), 109 N.J. Super. 402, 263 A.2d 486; *Brant v. Matlin* (Ct. App. Fla. 1965), 172 So.2d 902; *Murdock v. Petersen* (1958), 74 Nev. 363, 332 P.2d 649." 1 Ill. App. 3d 583, 587-88.

■■ In the case at bar, the complaint alleged that plaintiff was expressly invited upon defendant's property to care for her children, in exchange for a fee. Applying the foregoing principles to the language of the complaint, we find that plaintiff has sufficiently alleged facts which set forth that he was an invitee on defendant's property. Accordingly, we conclude that he was in a special relationship with the defendant.

Plaintiff's second contention on appeal is that defendant breached the duty owed to him as an invitee by failing to warn him of the imminent danger of criminal attack by third persons.

Generally, there is no duty to protect one against the criminal attacks of third persons. (*Boyd v. Racine Currency Exchange, Inc.* (1973), 56 Ill. 2d 95, 306 N.E.2d 39.) An owner or occupier of land in Illinois owes a duty to invitees on his premises to reasonably guard against acts of third parties only when circumstances charge him with knowledge of this danger. *Neering v. Illinois Central R.R. Co.* (1943), 383 Ill. 366, 50 N.E.2d 497.

Thus, the imposition of a duty to guard against criminal attacks by third persons depends upon notice of the danger to the invitee in addition to the existence of a special relationship. *O'Brien v. Colonial Village, Inc.* (1970), 119 Ill. App. 2d 105, 255 N.E.2d 205; *Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 328 N.E.2d 538.

■■ Yet is is only when such attacks are reasonably foreseeable, and the burden of preventing such attacks can reasonably be placed upon the defendant, that a duty arises to protect an invitee from criminal attack. *Krautstrunk v. Chicago Housing Authority* (1981), 95 Ill. App. 3d 529, 420 N.E.2d 429.

Therefore, absent knowledge of previous incidents or special circumstances which would charge the owner with knowledge of the danger and the duty to anticipate it, the common law duty of reasonable care owed to a person lawfully on the premises cannot be extended to a duty to guard against the criminal attacks of third persons. (*Mitchell v. Archibald & Kendall, Inc.* (1978), 573 F.2d 429; *O'Brien v. Colonial Village, Inc.* (1970), 119 Ill. App. 2d 105, 255 N.E.2d 205.) More than a mere possibility of such an occurrence is required. *Cunis v. Brennan* (1974), 56 Ill. 2d 372, 308 N.E.2d 617.

In the present case, plaintiff does not allege that criminals were known to have been present on the defendant's premises, or that her children were previously assaulted by gangs on her premises or elsewhere.

The complaint merely alleged, *inter alia*, that the defendant's children had received threats upon their lives from gangs, and that she withheld information from plaintiff that his life would be in danger if he stayed with her boys.

■■ Since mere allegations of legal conclusions are insufficient, and such conclusions need not be accepted by a court (*Morse v. Nelson* (1977), 48 Ill. App. 3d 895, 363 N.E.2d 167), we find that the facts set forth in the complaint are not sufficient to constitute notice in the present case.

Accordingly, we hold that the complaint did not state a cause of action against the defendant.

In light of our decision, we need not consider the issue of wilful and wanton negligence which was raised by the plaintiff.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SULLIVAN, P. J., and WILSON, J., concur.