MARY RODGERS, Plaintiff-Appellant, v. HOOK-SUPERX, INC., *et al.*, Defendants-Appellees.

Fourth District   No. 4—90—0170

Opinion filed October 25, 1990.

Carlton M. Kagawa, of Lowenstein, Hubbard, Smith & Kagawa, of Danville, for appellant.

Dukes, Martin, Helm & Ryan, Ltd., of Danville (John F. Martin, of counsel), for appellees.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

Plaintiff Mary Rodgers appeals the trial court's order granting defendants' Hook-SuperX, Inc., and Hook Drugs, Inc., motion for summary judgment. We affirm.

Plaintiff brought a negligence action against defendants as a result of an April 25, 1986, robbery outside their store. It is undisputed plaintiff entered the Hook's store located at 1113 East Main Street, Danville, Illinois, in order to make a purchase. When leaving, plaintiff exited through the front entrance and onto a private sidewalk which surrounded a portion of the front of the store. Here, plaintiff was confronted by two men who took her purse and knocked her to the ground.

Plaintiff's complaint alleged defendants had a duty to protect her from criminal attacks by third persons which defendants knew or should have known were reasonably likely to occur. Plaintiff alleged defendants should have known it was reasonably likely she would be

attacked as, just prior to attacking plaintiff, the two men had been inside the store harassing a customer. Plaintiff additionally cited the rumor that approximately two months earlier a similar robbery had occurred in the area. Last, plaintiff alleged defendants were negligent in failing to provide adequate lighting.

Depositions were taken of plaintiff and of defendants' employees, Nellie Anderson, cashier, and Bipin Desai, assistant manager and pharmacist. After taking these depositions, defendants filed a motion for summary judgment. The trial court granted the motion, finding no material issue of fact existed and, as a matter of law, defendants had no duty to protect plaintiff from the actions of third parties. The trial court stated that to impose upon defendants such a duty would be tantamount to making a business of this nature an absolute guarantor of every individual who walks into the store.

■■ ■ Summary judgment should be rendered with great caution. However, where a plaintiff fails to establish an element of the cause of action through the pleadings, depositions, admissions, and affidavits on file, summary judgment for the defendant is proper. (*Joiner v. Benton Community Bank* (1980), 82 Ill. 2d 40, 411 N.E.2d 229.) There can be no liability in court for negligence unless the defendant has breached a duty owed to the plaintiff. (*Boyd v. Racine Currency Exchange, Inc.* (1973), 56 Ill. 2d 95, 306 N.E.2d 39.) Generally there is no duty to protect another against the criminal attacks of third persons. However, an owner or occupier of land in Illinois owes a duty to invitees *on* his premises to reasonably guard against acts of third parties when such attacks are reasonably foreseeable. (*Burks v. Madyun* (1982), 105 Ill. App. 3d 917, 435 N.E.2d 185.) The question here then is whether the attack upon plaintiff, an invitee of defendants, was reasonably foreseeable.

Plaintiff stated in her deposition she had not seen the two men who later robbed her while she was in the store. While exiting the store, she saw the men through the store window. Plaintiff walked by the two men and thought they were merely visiting or getting ready to go into the store. Plaintiff lived across from the store and had visited the store at this location since 1947. She had not previously been aware of any problem with criminal activity in the area. Plaintiff stated the night of the incident she heard the cashier at Hook's tell a police officer a similar incident had happened about two months earlier.

Plaintiff could not remember whether an outside overhead light was on at Hook's. She did recall there was some sort of light but could not remember whether it was coming from inside the store. She

recalled when the store was Harding's it had florescent lights along the edge of the roof. Plaintiff stated the night of the robbery these lights were not on.

In her deposition, Nellie Anderson stated she was a cashier at Hook's on April 25, 1986. She remembered plaintiff coming into the store at around 8 p.m. While plaintiff was in the store, two men entered the store together. They began verbally harassing a young female customer. Anderson asked the two men to leave the store. The men gave no response or protest and promptly left. Anderson saw the two men go out the front door of the store. They stood there for a few minutes until heading off in the direction of Dairy Queen. Several minutes later, plaintiff came through the checkout line. After plaintiff left the store, Anderson heard war whoops and saw the men she had earlier asked to leave the store jumping up in the air outside. Plaintiff then came in and said she had been mugged in the parking lot. Anderson stated there was no written policy at Hook's on how to handle troublemakers in the store. Her understanding was that if the cashier or manager could not get them to leave, they were to call 911.

Anderson thought there might have been a prior purse snatching in the area but was not positive. She heard about the incident from a customer and was otherwise unaware of any incidents in the area. Anderson stated both the overhead light and the receptacle for lighting that went around the outside of the building were on that evening.

In his deposition, Bipin Desai stated he was the pharmacist and assistant manager at Hook's in the evening hours on April 25, 1986. Desai recalled on this evening two men had been in the store harassing a customer. Nellie Anderson had asked the men to leave and they had complied. Plaintiff had been in the store at the same time as these two men, and Desai estimated she left the store about five minutes after they did. Desai stated it is the store policy of Hook's to ask troublemakers to leave. Desai stated the front lighting and lighting around the building were on that evening. Desai had checked the lights at 5 p.m. that day as part of his routine schedule.

■ The trial court did not err in finding defendants owed no duty to plaintiff. As in the factually similar case of *Taylor v. Hocker* (1981), 101 Ill. App. 3d 639, 428 N.E.2d 662, the circumstances here are such that the attack upon plaintiff by a third party was not reasonably foreseeable. The allegations regarding a previous purse snatching and the actions of the two men while inside the store are insufficient to make the attack upon plaintiff reasonably foreseeable.

■ The fact a dispute exists between plaintiff and defendants'

employees regarding the exterior lighting does not alter the result in this case. Plaintiff stated in her deposition she saw the two men through the store window before exiting the store. She thought the men were merely visiting or entering the store. The claimed lighting inadequacy does not appear to be a cause or factor of the criminal attack. The judgment of the trial court is affirmed.

Affirmed.

LUND and STEIGMANN, JJ., concur.