**Roger APOLINAR and Laila Apolinar, Appellants,**

**v.**

**Charles Thomas THOMPSON, Appellee.**

**No. 04–92–00204–CV.**

Court of Appeals of Texas, San Antonio.

Dec. 16, 1992.

Rehearing Denied Dec. 16, 1992.

Carol P. Lomax, James L. Branton, Branton & Hall, P.C., San Antonio, for appellants.

Jorge E. Canseco, George H. Spencer, Jr., Clemens & Spencer, San Antonio, for appellee.

Before CHAPA, BIERY and GARCIA, JJ.

OPINION

BIERY, Justice.

Appellee's motion for rehearing is denied; the opinion of November 18, 1992 is withdrawn and this opinion is substituted.

Roger and Laila Apolinar sued Charles Thompson for personal injuries suffered by Roger while he was caring for the home

and pets of Thompson. Following Thompson's unsuccessful motion for summary judgment, he filed a very narrow and specific special exception to the Apolinar pleading, contending the allegation that Thompson owed Apolinar a duty to warn and protect him from the criminal acts of third persons did not state a legal cause of action because the home [where the acts complained of occurred] was owned, occupied, and maintained by the defendant [Thompson] and it was thus a private dwelling. The plaintiffs amended their pleading setting forth in more detail that Roger had been asked by Thompson to care for the house and Thompson's pets during Thompson's absence from the city, that Thompson had received harrassing phone calls and threats and, therefore, Thompson had a duty to warn Apolinar or make conditions reasonably safe. Thompson then filed a motion to dismiss the Apolinar pleading for failure to plead a legal cause of action. This motion was granted.[1] The Apolinars appeal the trial court's order that they failed to plead a legal cause of action. We reverse and remand.

The Apolinars plead their cause of action under traditional concepts of premises liability and negligence, alleging that Roger Apolinar was an "invitee" or "licensee," and that defendant Thompson therefore owed a duty of reasonable care to Apolinar because of his actual knowledge of unreasonably dangerous conditions: the foreseeability of criminal acts by third parties.

Thompson contends the controlling rule of law is stated in the RESTATEMENT (SECOND) OF TORTS § 344 and the comment following:

§ 344. **Business Premises Open to Public: Acts of third persons or animals.**

A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

(a) discover that such acts are being done or are likely to be done, or

(b) give a warning adequate to enable the visitors to avoid the harm, or otherwise protect them against it.

COMMENT:

(a) *Premises open to public for business purposes.* A possessor of land is subject to liability, under the rule stated in this Section, only when he holds his land open to the public for entry his business purposes, and then only to those who come upon the land for the purposes for which it is thus held open to the public. Such persons are commonly called business visitors. (See § 332, comment a.) The rule stated here had its origin in cases of carriers who failed to protect their passengers against the acts of third persons. As it has developed, however, it is no longer limited to carriers, or other public utilities, and it applies to theaters, restaurants, shops and stores, business offices, and any other premises held open to the public for admission for the business purposes of the possessor.

Thus, Thompson argues that because the property involved here was a residence, as opposed to a business, there is never a duty owed to third persons such as Apolinar, who enter upon such residential premises. Thompson, however, cites us to no Texas case authority for this proposition.[2]

▮ In testing whether or not pleadings state a cause of action, we must assume as true all of the allegations of the petition. *Ulmer v. Ulmer,* 139 Tex. 326, 162 S.W.2d

1. The trial judge who granted the motion to dismiss the pleadings was not the same trial judge who had denied Thompson's motion for summary judgment.

2. Thompson does cite us to the Illinois case of *Burks v. Madyun,* 105 Ill.App.3d 917, 61 Ill.Dec. 696, 435 N.E.2d 185 (Ill.App.—[1st Dist.] 1982). In *Burks,* however, the Illinois court affirmed

the dismissal of the plaintiff's cause of action because there was no allegation that the defendant had previous knowledge (foreseeability) of the presence of criminals on the defendant's premises. 61 Ill.Dec. at 700, 435 N.E.2d at 189. We find this significantly distinguishable from the case before us where the pleadings do allege prior knowledge and foreseeability.

944, 945 (1942). Apolinar's amended petition stated the requisite elements of a cause of action for negligence: duty, a breach of the duty, and damages proximately resulting from the breach. *El Chico Corp. v. Poole,* 732 S.W.2d 306, 311 (Tex.1987). The criminal act of a third party does not relieve a property owner from liability resulting from his failure to warn where the property owner knew or should have realized the likelihood that such a situation might be created, and that a third person might commit such a tort or crime. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 550 (Tex.1985). In *Gutierrez v. Scripps–Howard,* 823 S.W.2d 696, 699 (Tex.App.—El Paso 1992, writ denied), a newspaper was charged with a duty to warn its photographer when the newspaper sent the photographer on assignment to a hotel in Mexico. The newspaper had previously written an article about the hotel owner which characterized him as a major drug dealer and failed to warn the photographer of potential danger. *Id.* at 697. Upon his arrival at the hotel, the photographer was severely beaten because the hotel owner was upset about the newspaper's previous story about him. *Id.* In concluding that a duty existed, the court said:

> Negligence is conduct involving an unreasonable risk of harm, and the test for determining whether a risk is unreasonable is supplied by the following formula. The amount of caution 'demanded of a person by an occasion is the result of three factors: the likelihood that his conduct will injure others, taken with the seriousness of the injury if it happens, and balanced against the interest which he must sacrifice to avoid the risk.'

*Id.* at 698.

Apolinar alleges in the pleadings that Thompson had actual and constructive knowledge of serious security risks and dangers on the premises. While Apolinar must meet his burden on the merits of proving all of his allegations by a preponderance of the evidence, we do not agree with Thompson's argument that a residential property owner, such as Thompson, never owes a duty to an invitee or licensee under the fact situation plead by Apolinar and taking all facts plead as true. In oral argument, Thompson conceded that had the building where the shooting occurred been a business property, a cause of action would have been stated. We are not persuaded the existence of a cause of action depends upon matters of form such as how a particular structure is used. For example, under Thompson's analysis, a building used for both residential and business purposes would give rise to a cause of action if the assault occurred in the business part of the structure, but no cause of action would exist if it occurred in the residential portion.

Accordingly, the judgment of the trial court is reversed and the cause is remanded.