



## MEMORANDUM OPINION

No. 04-08-00270-CV

Frances **POOSER**,
Appellant

v.

**COX RADIO, INC**. d/b/a 99.5 KISS Radio Station,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-01929
Honorable Karen H. Pozza, Judge Presiding

Opinion by:     Rebecca Simmons, Justice

Sitting:        Karen Angelini, Justice
                Rebecca Simmons, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:   January 28, 2009

AFFIRMED

This is a personal injury case arising out of injuries Appellant Francis Pooser sustained

while attending a rock concert. The trial court granted traditional and no-evidence summary

judgment motions filed by Appellee Cox Radio, Inc. d/b/a 99.5 KISS Radio Station (Cox Radio).

We affirm the judgment of the trial court.

**BACKGROUND**

In April 2004, Pooser attended a concert at the Verizon Wireless Amphitheater in Selma, Texas. Pooser's ticket stated that the concert was "present[ed]" by Cox Radio and was called the "Big F Show." Pooser alleges that the ticket referenced a specific seat by section, row, and seat number,[1] but unknown to her until she arrived at the concert, she actually did not have an assigned seat but instead was directed to a standing room only section just in front of the stage — the "mosh pit."[2] While in the mosh pit, Pooser sustained a head injury.

Pooser sued Cox Radio and others alleging breach of contract and negligence. Cox Radio filed traditional and no-evidence summary judgment motions asserting that it had no duty to Pooser because it did not own, occupy, or have control over the Amphitheater. Cox Radio supported its traditional motion with affidavits from its general manager and its marketing/promotions director, as well as excerpts of Pooser's deposition. Pooser's response to these motions asserted that a fact issue existed as to whether Cox Radio owed a duty to Pooser to provide a safe environment for concertgoers and to warn her that she did not have an assigned seat.

Based on scheduling conflicts, Pooser filed a motion for continuance explaining that her attorney had previously scheduled conflicts on the date of the hearing. Although the motion was filed, Pooser never requested the matter be set for a hearing. To the contrary, seven days prior to the hearing, Pooser filed an amended response to her previously filed response to Cox Radio's motions for summary judgment. Neither Pooser, nor her attorney, attended the summary

---

[1] The ticket identified the section as "ORCHGA," the row as "GA1," and the seat as "21."

[2] A "mosh pit" is a standing room only area where concertgoers engage in aggressive dancing and jumping, including purposefully colliding with one another and leaping from the stage. MERRIAM-WEBSTER DICTIONARY 809 (11th ed. 2003).

judgment hearing. The trial court granted summary judgment on both motions and Pooser's subsequently filed motion for new trial was denied. This appeal followed.

SUMMARY JUDGMENT

## A. Standard of Review

To obtain a traditional summary judgment, a party moving for summary judgment must show that no genuine issue of material fact exists and that the party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). In reviewing the grant of a summary judgment, we indulge every reasonable inference and resolve any doubts in favor of the respondent. *Johnson*, 891 S.W.2d at 644; *Nixon*, 690 S.W.2d at 549. In addition, we assume all evidence favorable to the respondent is true. *Johnson*, 891 S.W.2d at 644; *Nixon*, 690 S.W.2d at 548-49. A defendant is entitled to summary judgment if the evidence disproves, as a matter of law, at least one element of the plaintiff's cause of action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). Once the movant has established a right to summary judgment, the burden shifts to the respondent to present evidence that would raise a genuine issue of material fact. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

In reviewing a no-evidence summary judgment, the court examines the record in the light most favorable to the non-movant. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750 (Tex. 2003). The movant must state the elements on which there is no evidence and the "court must grant the motion unless the [non-movant] produces summary judgment evidence raising a genuine issue of material fact." TEX. R. CIV. P. 166a(i). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a

fact." *King Ranch*, 118 S.W.3d at 751 (quoting *Kindred v. Con/Chem., Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). "More than a scintilla of evidence exists [if it would allow] 'reasonable and fair-minded people to differ in their conclusions.'" *Id.* (quoting *Merrill Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

## B. Traditional Summary Judgment

Cox Radio asserts that summary judgment was properly granted because it had no duty to Pooser because it did not own, lease, occupy, or have any right of control over the Amphitheater.

### 1. Duty Owed to Pooser

"The nonexistence of a duty ends the inquiry into whether negligence liability may be imposed." *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998). Cox Radio alleges mere promotion of an event does not equate to a right to control the security at that event. *See Triplex Commc'ns, Inc. v. Riley*, 900 S.W.2d 716, 720 (Tex. 1995). Furthermore, a person or entity is under no legal duty to control the conduct of others, *Tex. Home Mgmt. Inc. v. Peavy*, 89 S.W.3d 30, 34 (Tex. 2002), and there is no general duty to act reasonably toward others, s*ee Rocha v. Faltys*, 69 S.W.3d 315, 320-21 (Tex. App.—Austin 2002, no pet.) (observing that the question of how a reasonably prudent person would act under the same or similar circumstances "is the test for determining when a duty has been breached, not the test for whether a duty exist"). In the absence of evidence of a special relationship between Cox Radio and the Amphitheater, Cox Radio had no obligation to control security at the concert. *See Riley*, 900 S.W.2d at 720.

### 2. Evidence Proffered in Support of Summary Judgment

Pooser contends that the evidence Cox Radio proffered in support of its traditional summary judgment motion is conclusory, ambiguous, and the product of interested witnesses. Accordingly, Pooser argues it cannot support a summary judgment for Cox Radio. "It is the

general rule that the testimony of an interested witness, such as a party to the suit, though not contradicted, does no more than raise a fact issue . . . ." *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990) (per curiam). The exception, however, arises when the testimony of an interested witness is not contradicted by any other witness. *Id.* When the evidence is "clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, it is taken as true, as a matter of law." *Id.*; *see also Trico Tech Corp. v. Montiel*, 949 S.W.2d 308, 310 (Tex. 1997) (per curiam) ("Summary judgment based on the uncontroverted affidavit of an interested witness is proper if the evidence is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted."). This exception is particularly applicable "where the opposing party has the means and opportunity of disproving the testimony, if it is not true, and fails to do so." *Ragsdale*, 801 S.W.2d at 882 (quoting *Anchor Cas. Co. v. Bowers*, 393 S.W.2d 168, 169-70 (Tex. 1965)). "'Could have been readily controverted' does not mean that the summary judgment evidence could have been easily and conveniently rebutted, but rather indicates that the testimony could have been effectively countered by opposing evidence." *Trico*, 949 S.W.2d at 310. In *Trico*, the Texas Supreme Court specifically concluded that the testimony of a party's employee could support a summary judgment. *Id.*

Here, the affidavit of Cox Radio's marketing/promotions director provided that Cox Radio lacked control over the Amphitheater, which was owned by Selma Amphitheater, L.L.C. d/b/a Verizon Wireless Amphitheater. The affidavit provided clear, direct, and positive evidence regarding the ownership of the premises where Pooser sustained her injury. Pooser could have attempted to controvert this evidence, but chose not to do so. *See Trico*, 949 S.W.2d at 310.

Cox Radio also tendered the affidavit of its vice president/station manager, with various documents attached that reflected the contractual relationship between Cox Radio and the Amphitheater. The documents establish the dates and times for on air broadcasting and a schedule of promotional activities related to the Big F show. The station manager verified, and the contract documents support, that Cox Radio, although entitled to engage in promotional activity, had no control over the premises where the injury occurred. Pooser asserts that this evidence was ambiguous and that the unsigned documents do not establish the relationship between Cox Radio and the Amphitheater. The issue, however, is not whether the documents created an enforceable contractual relationship between Cox Radio and the Amphitheater, but whether they support the station manager's clear testimony that Cox Radio's sole involvement in the Big F concert was to provide promotional advertising.

Pooser presented evidence that she learned about the concert from Cox Radio, that her ticket said the concert was "present[ed] by" Cox Radio, and that her ticket clearly indicated she would have a seat for the concert. She also proffered an affidavit from a security expert who testified that standing room only seating at rock concerts is dangerous and that security at the Big F Show was insufficient. This evidence, however, does not raise a fact issue as to whether Cox Radio had a duty to Pooser based on the injury she sustained in the mosh pit. *See Van Horn*, 970 S.W.2d at 544 (holding that any breach of duty on the part of the doctor amounted to medical negligence toward his patient, not a duty to the injured third party).

Because the summary judgment evidence negates the existence of a duty on Cox Radio's part, the trial court did not err in granting Cox Radio's traditional summary judgment motion.

## C. No-Evidence Summary Judgment

Cox Radio's no-evidence motion for summary judgment challenged both the negligence and the breach of contract claims asserted by Pooser. Pooser asserts that the trial court erred in granting this motion because she presented evidence raising fact issues as to each of these causes of action. Pooser's brief, however, does not contain an argument in support of her breach of contract claim. Therefore, the no-evidence summary judgment as to that claim is affirmed. *See* TEX. R. APP. P. 38.1(h).

As to Pooser's negligence claim, she argues that the no-evidence summary judgment was improper because it did not address her claims for negligent failure to perform a contract, negligent failure to warn, and negligent misrepresentation, about all of which she presented evidence raising a fact issue. However, because Pooser did not plead any of these causes of action in her live pleading, we need not consider the merits of her arguments on these unasserted claims. *See Moore v. Moore*, No. 04-00-00831-CV, 2001 WL 1360014, *4 n.1 (Tex. App.—San Antonio Nov. 7, 2001, pet. denied) (not designated for publication).

Even assuming Pooser raised these claims, the trial court still properly granted Cox Radio's no-evidence summary judgment motion. Pooser's claim of negligent failure to perform a contract depends on the existence of a contract between Pooser and Cox Radio. Pooser argues that the summary judgment evidence "suggests some type of contractual consumer relationship between [her] and [Cox Radio]." We disagree. Pooser's purchase of a ticket to a concert promoted by Cox Radio does not, in itself, create a contractual relationship between Pooser and Cox Radio. *See Day v. Harkins & Munoz*, 961 S.W.2d 278, 281 (Tex. App.—Houston [1st Dist.] 1997, no writ) (plaintiff's purchase of concert ticket did not give rise to contractual

obligation on part of physician who had contracted with venue to be the on-call physician to provide treatment to plaintiff).

Pooser also contends that Cox Radio had a duty to warn her that she did not have an assigned seat and that standing room only seating is dangerous. There is no evidence of any conduct by Cox Radio that would give rise to such a duty. *See Riley*, 900 S.W.2d at 720. While a property owner has a duty to warn under certain circumstances, there is no evidence that Cox Radio owned the Amphitheater or printed the show tickets. *See Apolinar v. Thompson*, 844 S.W.2d 262, 263-64 (Tex. App.—San Antonio 1992, writ denied) (citing examples of duty to warn). Nor is there any evidence of prior conduct by Cox Radio that warrants imposition of a duty to warn.

Finally, Pooser claims that she presented evidence raising a fact issue regarding a claim for negligent misrepresentation. However, Pooser presented no evidence of any representation by Cox Radio. In the absence of evidence that Cox Radio had any control over seating arrangements for the event, the mere fact that Cox Radio is identified as a promoter of the event on Pooser's ticket does not mean that Cox Radio represented to Pooser that she has an assigned seat. *See Riley*, 900 S.W.2d at 720.

We conclude that the trial court did not err in granting Cox Radio's no-evidence summary judgment motion.

## MOTION FOR NEW TRIAL

Pooser asserts that the trial court committed reversible error in denying her motion for new trial. She argues that she was entitled to a new trial because her counsel could not attend the summary judgment hearing due to multiple scheduling conflicts and the trial court should not have held the hearing in her absence.

The standard of review for the trial court's ruling on a motion for new trial is abuse of discretion. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984). Under an abuse of discretion standard, the court of appeals cannot overrule the trial court's decision unless the trial court acted unreasonably or in an arbitrary manner, without reference to guiding rules or principles. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). Moreover, the appellate court cannot substitute its judgment for the trial court's reasonable judgment, even if it would have reached a contrary conclusion. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992); *Buller*, 806 S.W.2d at 226.

Pooser describes the summary judgment hearing as "ex parte," but this characterization is misleading. Pooser, and her counsel, had notice of the hearing, filed a timely response, and moved for a continuance of the hearing, but failed to set the motion for a hearing. Under these circumstances, the trial court did not err in conducting the hearing on Cox Radio's motions for summary judgment in Pooser's absence and did not abuse its discretion in denying Pooser's motion for new trial. *See In re Am. Media Consol.*, 121 S.W.3d 70, 74 (Tex. App.—San Antonio 2003, orig. proceeding) ("Parties are not entitled to a hearing on a motion for summary judgment." (citations omitted)); *Enslow v. Caballero*, No. 04-06-00083-CV, 2006 WL 2871346, at \*2 (Tex. App.—San Antonio Oct. 11, 2006, no pet.) (mem. op.) (party timely filed defective summary judgment responses but claimed not to know of defects; trial court did not abuse discretion in denying motion for new trial).

## CONCLUSION

The summary judgment evidence fails to raise a genuine issue of material fact with regard to the existence of a duty on Cox Radio's part and thus, the trial court did not err in granting Cox Radio's traditional summary judgment motion. Additionally, Pooser failed to

present more than a scintilla of evidence that would allow reasonable minds to differ with regard to the no-evidence summary judgment. Finally, because Pooser and her counsel had notice of the hearing and failed to set the motion for continuance, the trial court did not abuse its discretion in denying Pooser's motion for new trial. Accordingly, we affirm the judgment of the trial court.

Rebecca Simmons, Justice