## CHARLOTTE FEENEY v. JOHN MEHLINGER.[1]

February 2, 1917.

Nos. 20,155—(211).

**Negligence of saloonkeeper — not a defense that his act was justified.**
The evidence is *held* sufficient to sustain a finding of the jury that the defendant ejected a drunken man from his saloon with such force that he was thrown or fell upon a child standing on the street watching a parade, and that in ejecting him he was negligent in respect of such

1Reported in 161 N. W. 220.

child, and if his negligence resulted in injury to the child he is not relieved of liability because as respects the drunken man his conduct was rightful.

Action in the district court for Ramsey county to recover $2,500 for personal injury to plaintiff's minor child. The facts are stated in the opinion. The case was tried before Brill, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $462.50 in favor of plaintiff. Defendant's motion for a new trial was granted, unless plaintiff consented to a reduction of the verdict to $350. From the order denying a new trial, defendant appealed. Affirmed.

*H. A. Loughran,* for appellant.
*McElwee & Payte,* for respondent.

DIBELL, C.

Action to recover for injuries sustained by the minor child of the plaintiff. There was a verdict for the plaintiff. The defendant appeals from the order denying his motion for a new trial.

On September 1, 1913, the plaintiff's child, a boy three years old, was on Eighth street near its intersection with Jackson, in St. Paul, in charge of his grandfather, watching the labor day parade. The defendant owned a saloon at the corner. The entrance was from Jackson. A doorway, having the usual screen door, led from the rear of the saloon on to Eighth nearly opposite where the boy was standing at the curb. A drunken man entered the saloon from Jackson. The defendant ejected him. Under the evidence he was justified in doing so; but it was his duty to exercise reasonable care in respect of the safety of persons rightly on the street. He knew at the time that people were congregated on the sidewalk alongside of his saloon watching the parade. The plaintiff claims that he ejected him with such force that he stumbled or fell or was thrown upon the child, and that in so ejecting him he was negligent. The defendant claims that he did no more than lead the drunken man to the door and direct him out. The evidence is in direct conflict and amply sustains the plaintiff's claim.

The culpability of the defendant is to be judged in view of the duty

owing by him to persons rightly on the street and not merely in view of his rights as respects the drunken man. If he was negligent in respect of the child, he is not relieved of liability because his conduct was rightful in respect of the drunken man. We find no case precisely in point. In Thayer v. Old Colony St. Ry. Co. 214 Mass. 234, 101 N. E. 368, 44 L.R.A.(N.S.) 1125, Ann. Cas. 1914B, 865, it was held that a carrier lawfully ejecting a drunken man from a car was liable for negligence which accompanied its act and resulted in injury to a passenger. And see Clish v. Boston R. B. & L. R. Co. 219 Mass. 341, 106 N. E. 854; Gray v. Boston & M. R. 168 Mass. 20, 46 N. E. 397. The principle is clear. The child was rightfully on the street. The defendant was rightfully ejecting a man from his place. In doing so he made use of the street. Negligence in respect of the child accompanied his act and for it he is liable. The principle might be illustrated by many cases furnishing useful analogies, but it is too clear to merit extended discussion.

The trial court put the case to the jury with entire fairness and the verdict should stand.

Order affirmed.