GEORGE F. WATSON, SR., as Administrator of the Estate of GEORGE W. WATSON, JR., Deceased, Appellant, v. HENRY J. POWELL et al., Respondents.— Appeal by the administrator of the deceased infant from an order entered in the office of the clerk of Rensselaer County granting defendants' motion to set aside the verdict of the jury in favor of the plaintiff for the sum of $15,000, upon the ground that the said verdict was excessive. The evidence is ample to sustain the jury's determination that the defendants, Powell and McNamara, were guilty of negligence which resulted in the death of the infant herein and that the deceased was free from contributory negligence. The sole question upon this appeal is whether or not the verdict was excessive. At the time of his death, plaintiff's intestate was of the age of eight years and five months and was in the third grade in school. He was a healthy boy and his teacher testified that he was the brightest student in her class and that his reading level compared to that of the average fifth grade student. The jury was properly instructed as to the awarding of damages for death caused by negligence and in the circumstances the verdict should not have been disturbed. The order of the trial court setting aside the verdict and granting a new trial should be reversed and the verdict reinstated. Order of the trial court setting aside the verdict of the jury in favor of the plaintiff and granting a new trial reversed and the verdict of the jury reinstated, with ten dollars costs and disbursements. Bliss, Heffernan, Schenck and Brewster, JJ., concur; Hill, P. J., dissents and votes to modify the order so that the verdict be reduced to $10,000 in the event plaintiff stipulates, otherwise to reverse the judgment and grant a new trial.

KATHERINE HAAG, Respondent, v. W. T. GRANT COMPANY, Appellant.— Defendant has appealed from a judgment in plaintiff's favor in the sum of $1,091.76, entered on the verdict of a jury, and also from an order denying its motion for dismissal of the complaint at the close of plaintiff's proof. The action was brought to recover damages for slander. Plaintiff was a customer in defendant's store and was accused of shoplifting by one of defendant's employees. The evidence sustains the jury's verdict. Judgment and order affirmed, with costs. All concur.

## (May 11, 1944.)

WILLIAM W. GETTYS, Appellant, v. LESLIE G. RYAN et al., Respondents.— Motion for stay granted upon condition that the moving party pay to the respondents within two days rent to date and continue to pay the same monthly until the appeal is decided, same to be credited upon the purchase price if the appellant is ultimately successful. This stay shall not continue beyond the September, 1944, term of this court and is further conditioned upon the appellant furnishing within five days the undertaking required by section 1443 of the Civil Practice Act, to be approved by a Justice of this court. All concur.