THOMAS E. HAYES, Plaintiff-Appellant, *v.* JOHN O'DONNELL *et al.*, Defendants-Appellees.

Second District   No. 78-497

Opinion filed September 24, 1979.

Douglas Drenk, of Law Offices of A. E. Botti, of Wheaton, for appellant.

Sidney Z. Karasik and Kenneth T. Garvey, of Purcell & Wardrope, Chartered, both of Chicago, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This is an appeal from an order granting a motion to dismiss Count II of a complaint. Count I is an action under the Dramshop Act (Ill. Rev. Stat. 1977, ch. 43, par. 135 *et seq.*) Count II sounds in common law negligence and alleges that plaintiff was a patron of defendants' tavern; that defendants owed him a high duty of care; that plaintiff was in exercise of due care; that defendants negligently permitted the presence of an unknown person who was quarrelsome, disorderly and vicious; that defendants failed to control this person and to remove him from the premises; and that by reason of these failings of defendants, plaintiff was assaulted and sustained certain injuries and damages.

Defendants have contended in the trial court and on appeal that the Dramshop Act is the only remedy against tavern owners and operators for injuries caused by an intoxicated person or in consequence of intoxication. (*Graham v. General U.S. Grant Post No. 2665* (1969), 43 Ill. 2d 1, 248 N.E.2d 657.) This court recently distinguished a case from the rule expressed in *Graham* and allowed a cause of action for common law negligence to be stated against a dramshop owner and operator where the complaint did not allege negligence by reason of the sale or supply of liquor, but was rather based on the failure to prevent injury to a plaintiff

by a boisterous and dangerous customer on the dramshop premises. *Lessner v. Hurtt* (1977), 55 Ill. App. 3d 195, 371 N.E.2d 125.

In *Lessner*, the statute of limitations had run on the dramshop action and the only basis for the complaint was negligence. Defendants urge that a different situation exists here where there are both dramshop and negligence counts. Further, defendants suggest that count II incorporated count I by reference, including allegations of the sale and consumption of alcohol by the unknown assailant, as well as his intoxication. Paragraph two of count II of the complaint does not specifically incorporate count I by reference, but does refer to "the occurrence heretofore mentioned." Paragraph one of count II does not appear to enumerate any facts which could be construed as an "occurrence"; the only "occurrence" indicated in the complaint is the reference to the assault in count I. Our examination of the pleadings convinces us that the reference in paragraph two referred to the assault and the duty of care which defendants owed to plaintiff. Since count II is not predicated on intoxication or the sale of liquor, there appears to be no difference in having two actions stated in alternative counts as exist here, from the situation in *Lessner* where there was only a negligence count.

■■ Defendants also contend that the trial court should be affirmed because count II does not state a cause of action. They urge first that while an innkeeper may owe a high duty of care to a patron, an owner or operator of a tavern has no such duty. In our view, the distinction between an innkeeper and a tavern keeper is specious; further, section 314A of the Second Restatement of Torts (Restatement Second of Torts §314A (1965)) provides that a possessor of land who holds it open to the public is under a duty of care similar to that of an innkeeper to members of the public who enter in response to an invitation. While section 314A does not make a tavern keeper an insurer of his patrons' safety, it does impose an obligation to take reasonable affirmative action to protect against the misconduct of third parties, and to give aid in circumstances when a member of the general public would have no duty to do so. It is our opinion that this is the "high duty of care" which was incumbent upon defendants, and that the same duty applies equally to an innkeeper or a tavern keeper.

■■ ■ Defendants also contend that count II does not state a cause of action because it fails to allege that defendant had prior knowledge of the unknown assailant's violent nature. A tavern keeper's duty to his patrons does not arise until the danger is apparent or the circumstances are such as to put a prudent person on notice of the probability of danger. (*Moore v. Yearwood* (1960), 24 Ill. App. 2d 248, 164 N.E.2d 215.) Paragraph four of count II does allege that the negligence of the defendants occurred

"notwithstanding their duties." While this is hardly a specific allegation that defendants knew of the assailant's violent and dangerous nature, it is our view that under the facts of the present cause, this allegation, in conjunction with the other allegations regarding the unknown assailant, is sufficient to allege knowledge of the assailant's violent nature in light of the fact that this appeal arises from the granting of a motion to dismiss.

The decision of the trial court, dismissing count II, is accordingly reversed and the cause is remanded for further proceedings.

Reversed and remanded.

GUILD, P. J., and NASH, J., concur.