JUDITH GUSTAFSON, Guardian of the Estate of Stephanie Gustafson, a Minor, *et al.*, Plaintiffs-Appellants, *v.* JACK MATHEWS, Adm'r of the Estate of Frederick W. Gustafson, Sr., Deceased, *et al.*, Defendants.—(Douglas A. Reining, d/b/a Speakeasy, *et al.*, Defendants-Appellees.)

Fourth District   No. 4—82—0126

Opinion filed October 18, 1982.

David E. Robinson, of Jacksonville, for appellants.

Richard Collins, of Rammelkamp, Bradney, Hall, Dahman, Kuster & Collins, of Jacksonville, for appellee Plantation Supper Club, Inc.

Raymond J. Conklin, of Rock Island, for appellee Douglas A. Reining.

JUSTICE LONDRIGAN delivered the opinion of the court:

Frederick W. Gustafson, Sr., and four of his children were killed when the car they were riding in collided with a truck; a fifth child was injured seriously. Gustafson's widow filed suit in her own behalf, as guardian of the surviving child, and as administrator of the other four children's estates, naming as defendants her husband's estate, the truck driver's employer, and the owners of two taverns that Gustafson had visited before the accident. That portion of the amended complaint involved in this appeal seeks recovery from the taverns and relies on theories of common law negligence. The plaintiffs appeal the trial court's order dismissing the counts against the taverns and disallowing proposed additional amendments to them; we agree with the trial court that the counts and amendments fail to state a cause of action and affirm its decision.

Counts XXXI through XL of the amended complaint, which are against defendant Reining, counts XLI through L, which are against defendant Plantation Supper Club, Inc., and the proposed additional amendments seek to impose liability on the tavern owners because their employees helped the obviously impaired Gustafson into a car containing children and because the employees did not prevent Gustafson from driving away. This is not a dramshop action; counts against the two taverns based on the Dramshop Act (Ill. Rev. Stat. 1977, ch. 43, par. 135) were dismissed as untimely because they had not been brought within the one-year period for bringing dramshop actions (*Gustafson v. Reining* (1981), 95 Ill. App. 3d 1204, 424 N.E.2d 1389 (Rule 23 order)).

The amended complaint and proposed additions allege similar

facts against both tavern owners and do not specify which tavern Gustafson visited last. According to the complaint and additions, late in the evening of June 25, 1978, or early the following morning, "after having already consumed a considerable amount of intoxicating liquor," Gustafson drove to the defendants' taverns with his five children, who were from 4 to 14 years old. He parked in the defendants' lots and went into each tavern for a time. At the conclusion of each visit Gustafson was escorted out of the tavern and to his car by that defendant's employees, who supported him and helped him into the car; the five children were in the car and visible to the employees. At these times Gustafson was:

> "quarrelsome, disorderly, vicious, violent, incoherent, uncoordinated and otherwise obviously physically impaired, and was acting with reckless disregard for the safety of himself and all persons around him, all in such manner and to such extent that he was obviously unable safely to operate a motor vehicle."

The complaint and additions also allege that the defendants should have known that Gustafson would drive away from the taverns, posing a threat to the children's safety, and that the children would be unable to leave the car. Each of the defendant tavern owners is charged with two acts of negligence:

> "(a) It encouraged and aided the said FREDERICK W. GUSTAFSON, SR., in entering and placing in motion the aforesaid automobile in which the aforesaid children were passengers.
>
> (b) It failed to restrain, or to call the police or other law enforcement officers to restrain, FREDERICK W. GUSTAFSON, SR., from placing the aforesaid automobile in motion and leaving the aforesaid parking lot, while said children were passengers."

The tavern owners deny that they had the duties proposed by the plaintiffs and also argue that any breach of a duty did not proximately cause the collision and that the complaint is a dramshop action in disguise.

■ The plaintiffs base their argument on the common law duty of possessors of land who hold it open to the public and of innkeepers to protect invitees from foreseeable dangers caused by conditions or persons on the premises. (Restatement (Second) of Torts secs. 314A, 344 (1965).) The defendant taverns had that duty (*Hayes v. O'Donnell* (1979), 76 Ill. App. 3d 695, 395 N.E.2d 184; *Lessner v. Hurtt* (1977), 55 Ill. App. 3d 195, 371 N.E.2d 125), and we agree with the plaintiffs that the children were invitees while they were in the taverns' parking lots, for they had accompanied their father to the businesses. (See

*Stankowitz v. Goldblatt Bros.* (1963), 43 Ill. App. 2d 173, 193 N.E.2d 97.) In *Hayes* and *Lessner* taverns were found liable for failing to protect patrons from the acts of belligerent third persons. The plaintiffs argue that the facts here are analogous: the children were patrons and were injured by the defendants' failures to prevent Gustafson from gaining control of a dangerous instrumentality, his car.

Foreseeability is a necessary but not a sufficient condition for imposing a duty. In *Lance v. Senior* (1967), 36 Ill. 2d 516, 518, 224 N.E.2d 231, 233, the court said:

> "After the event, hindsight makes every occurrence foreseeable, but whether the law imposes a duty does not depend upon foreseeability alone. The likelihood of injury, the magnitude of the burden of guarding against it and the consequences of placing that burden upon the defendant, must also be taken into account."

Although the defendants could have foreseen that Gustafson's condition might threaten his children's safety, the other elements in the *Lance* formula militate against imposing the duty proposed here. To avoid denomination of this complaint as a dramshop action, the duty must stem from the defendants' status as possessors of land who invite the public to their businesses and not from their status as taverns. This duty would therefore apply to all businesses that maintain parking lots and would require them to evaluate the behavior of their customers to determine whether they have the capacity to drive safely. This is an unjustifiably burdensome responsibility and should not be imposed in the absence of some further relationship between the customer and the business.

Under the plaintiffs' theory this duty would extend beyond the perimeter of a business's parking lot, and as support for this argument they cite several cases finding possessors of land liable for harms incurred off the premises but caused by projectiles coming from the land (*Feeney v. Mehlinger* (1917), 136 Minn. 42, 161 N.W. 220 (patron ejected from tavern onto plaintiff); *Stevens v. City of Pittsburgh* (1938), 329 Pa. 496, 198 A. 655 (plaintiff's decedent killed by errant bullet fired in public park known by city to be used as area for target practice); *Honaman v. City of Philadelphia* (1936), 322 Pa. 535, 185 A. 750 (plaintiff struck by baseball coming from city playing field)). The plaintiffs argue that because the children could not get out of the car after it left the taverns, the harm to them began to occur while they were still on the premises; like the body, bullet, and baseball, the car was set in motion on the premises and fol-

lowed its course until the collision.

Those cases are distinguishable, for the injuries there resulted from activities occurring on the defendants' property; the injuries here can be related to the land only by transforming the complaint into a dramshop action.

The plaintiffs also argue that by helping Gustafson into his car the defendants' employees assumed a duty to the children, which they violated (*Nelson v. Union Wire Rope Corp.* (1964), 31 Ill. 2d 69, 199 N.E.2d 769). The extent of the undertaking defines the scope of the duty (*Phillips v. Chicago Housing Authority* (1982), 89 Ill. 2d 122, 431 N.E.2d 1038; *Pippin v. Chicago Housing Authority* (1979), 78 Ill. 2d 204, 399 N.E.2d 596), and the employees' responsibility and undertaking ended when they deposited Gustafson in his car safely.

We therefore hold that the defendant taverns did not have a duty to prevent Gustafson from driving away and the scope of the duty created by an employee's assisting an incapacitated patron into his car does not include the patron's later acts off the premises. Given the basis for our decision, we need not address the defendants' alternative arguments.

Affirmed.

GREEN, P.J., and WEBBER, J., concur.