HELEN BADILLO, Plaintiff-Appellant, v. THERESA A. DE VIVO *et al.*, Defendants-Appellees.

First District (1st Division)   No. 86—2120

Opinion filed September 21, 1987.

Robert B. Morton, of Chicago, for appellant.

Law Offices of Sherwin Greenberg, of Chicago (Sherwin Greenberg, of counsel), for appellees.

JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiff Helen Badillo appeals the dismissal of count VI of her amended complaint seeking damages for injuries she allegedly sustained as a result of defendant's negligent failure to prevent the commission of a physical attack upon her by a third party. For the reasons set forth below, we affirm.

Since we are determining the propriety of a motion to dismiss, the following properly pleaded facts contained in plaintiff's amended complaint are admitted as true. (*Magana v. Elie* (1982), 108 Ill. App. 3d 1028, 439 N.E.2d 1319.) On May 15, 1985, plaintiff, while a patron at Peter's One Two Three Lounge, Inc. (defendant), located at 5620 W. Diversey in Chicago, was verbally accosted and physically attacked by another patron, Theresa DeVivo. Defendant intervened and stopped the altercation, after which defendant ejected both plaintiff and DeVivo from the premises. Plaintiff then proceeded to her automobile, parked one-half block away from defendant, where she again was assaulted and battered by DeVivo who, at that time, was brandishing a police baton.

On April 9, 1986, plaintiff filed a six-count amended complaint, count VI of which sought compensatory and punitive damages from defendant. Plaintiff alleged in count VI, among other things, that defendant owed a duty to exercise reasonable care for plaintiff's safety, and that defendant breached that duty by: (1) failing to summon the police after the initial assault in the tavern; (2) instructing plaintiff and DeVivo to leave the premises simultaneously; and (3) failing "to provide reasonable escort and security for the plaintiff after exiting the premises." The trial court dismissed count VI pursuant to defendant's section 2—615 motion (Ill. Rev. Stat. 1985, ch. 110, par. 2—615), and this appeal followed.

■■ ■ It is well established that there can be no recovery in tort for negligence unless the defendant has breached a duty owed to the plaintiff. (*St. Phillips v. O'Donnell* (1985), 137 Ill. App. 3d 639, 484 N.E.2d 1209.) Whether a legal duty exists is a question of law to be decided by the court. *Cunis v. Brennan* (1974), 56 Ill. 2d 372, 308

N.E.2d 617; *Zimmermann v. Netemeyer* (1984), 122 Ill. App. 3d 1042, 462 N.E.2d 502.

■■ ■ A tavern operator, while not an insurer of his patron's safety, has a duty to take reasonable action to protect its invitees from foreseeable dangers caused by third persons. (*St. Phillips v. O'Donnell* (1985), 137 Ill. App. 3d 639, 484 N.E.2d 1209; *Hayes v. O'Donnell* (1979), 76 Ill. App. 3d 695, 395 N.E.2d 184.) In those cases where such a duty has been imposed, however, the injurious act occurred on the defendant's premises or in a parking lot owned or operated by the defendant. (See, *e.g., Comastro v. Village of Rosemont* (1984), 122 Ill. App. 3d 405, 461 N.E.2d 616; *Hayes v. O'Donnell* (1979), 76 Ill. App. 3d 695, 395 N.E.2d 184; *Haynes v. Chicago Transit Authority* (1978), 59 Ill. App. 3d 997, 376 N.E.2d 680; *Lessner v. Hurtt* (1977), 55 Ill. App. 3d 195, 371 N.E.2d 125.) In the present case, plaintiff was injured one-half block away from defendant's property. Our research has not revealed, nor has plaintiff cited, any Illinois authority which would require a tavern owner to protect its invitees from foreseeable dangers caused by third persons off the tavern's premises. While there is some authority that an owner or operator of a business has a duty to provide a reasonably safe means of ingress and egress (see, *e.g., McDonald v. Frontier Lanes, Inc.* (1971), 1 Ill. App. 3d 345, 272 N.E.2d 369), we do not find that limited authority analogous here, where, as noted above, the injury occurred one-half block away from defendant's property.

Plaintiff contends that because defendant affirmatively ejected both plaintiff and her assailant, this case is distinguishable from *Gustafson v. Mathews* (1982), 109 Ill. App. 3d 884, 441 N.E.2d 388, and *St. Phillips v. O'Donnell* (1985), 137 Ill. App. 3d 639, 484 N.E.2d 1209, where this court refused to impose a duty on the defendant tavernkeepers to protect their patrons from the acts of third persons which occurred off the premises. Rather, plaintiff asserts that the present case is more appropriately compared to the New York decision *Yashar v. Yakovac* (1944), 48 N.Y.S.2d 128, where a judgment was upheld against the defendant tavern owners for injuries the plaintiff sustained when he was ejected from the defendants' establishment after being attacked by two inebriated men. We find that case inapplicable to the instant case, as the defendants' employee there, who observed that the plaintiff's assailants were armed with a knife, ejected plaintiff from the premises despite plaintiff's effort to forestall his eviction, as he feared for his personal safety, and knowing the assailants were awaiting plaintiff immediately outside the defendants' door. No such allegations are made by plaintiff here.

██ █ Plaintiff next maintains that in light of defendant's intervention in the initial assault upon plaintiff, defendant should have reasonably foreseen that it might escalate into the later assault off the premises. Arguably, it was not foreseeable that the fight would continue outdoors, as there are no allegations in plaintiff's amended complaint that DeVivo was intoxicated or made verbal threats to plaintiff in the tavern, or that defendant knew DeVivo was armed with a weapon. In fact, it is alleged in count VI that the altercation was terminated inside the tavern.

But even assuming the subsequent assault was foreseeable, foreseeability is not the only element necessary to establish duty. In determining whether a duty exists, the court should also consider "[t]he likelihood of injury, the magnitude of the burden of guarding against it and the consequences of placing that burden upon the defendant." (*Walton v. Spidle* (1985), 137 Ill. App. 3d 249, 253, 484 N.E.2d 469, 472, quoting *Lance v. Senior* (1967), 36 Ill. 2d 516, 518, 224 N.E.2d 231, 233.) This court has repeatedly held that requiring a business operator to protect its patrons from injuries that occur after the patron leaves the premises places an unjustifiable burden on the operator and on the police force. (*Walton v. Spidle* (1985), 137 Ill. App. 3d 249, 484 N.E.2d 469; *Yangas v. Charlie Club, Inc.* (1983), 113 Ill. App. 3d 398, 447 N.E.2d 484; *Gustafson v. Mathews* (1982), 109 Ill. App. 3d 884, 441 N.E.2d 388.) It would oblige tavernkeepers, as well as other business operators to, in essence, police the streets so as to ensure their patrons' safe passage to their cars or even their homes. Plaintiff's proposed remedy would be particularly burdensome, as it would require establishment owners to determine which party was the aggressor in an altercation and to detain that potentially dangerous person on the premises until the victim could flee.

As further support for her position that defendant's duty to exercise reasonable care should extend beyond the perimeter of defendant's premises, plaintiff cites three out-of-State cases which found possessors of land liable for harms incurred off the premises but caused by projectiles coming from the land. (*Feeney v. Mehlinger* (1917), 136 Minn. 42, 161 N.W. 220 (patron ejected from tavern onto plaintiff); *Stevens v. City of Pittsburgh* (1938), 329 Pa. 496, 198 A. 655 (plaintiff's decedent killed by errant bullet fired in public park); *Honaman v. City of Philadelphia* (1936), 322 Pa. 535, 185 A. 750 (plaintiff struck by baseball coming from city playing field).) These decisions were previously distinguished in *Gustafson v. Mathews* (1982), 109 Ill. App. 3d 884, 441 N.E.2d 388, on the ground that the injuries in those cases resulted from acts occurring *on* the defendant's prop-

erty. Likewise, *Feeney, Stevens,* and *Honaman* are distinguishable from the present case.

For the foregoing reasons, we find no legal duty owed to plaintiff by defendant, and therefore affirm the judgment of the circuit court of Cook County dismissing count VI of plaintiff's amended complaint.

Affirmed.

CAMPBELL and MANNING, JJ., concur.