567 N.E.2d 477 (1990)
208 Ill. App.3d 565
153 Ill.Dec. 519
Robert I. LUTZ, Plaintiff-Appellant,
v.
GOODLIFE ENTERTAINMENT, INC., d/b/a P.S. Chicago and Unknown Assailant, Defendants-Appellees.
No. 1-88-2885.
Appellate Court of Illinois, First District, First Division.
December 31, 1990.
*478 Steven B. Levy, Chicago, for plaintiff-appellant.
O'Connor and Schiff, Chicago (Elliot R. Schiff and Jeanne Leary Maher, of counsel), for defendants-appellees.
Justice MANNING delivered the opinion of the court:
Plaintiff, Robert I. Lutz, filed a two-count complaint against defendant, Goodlife Entertainment, Inc., d/b/a P.S. Chicago, (hereinafter "Goodlife"), a nightclub in Chicago, seeking damages for injuries he suffered as a result of a criminal attack upon him by an unknown third party while both were customers on defendant's premises. Count I alleges that the defendant negligently failed to exercise reasonable care and caution in maintaining its premises in order to avoid injury to the plaintiff. Count II alleges that the defendant's failure to act constituted willful and wanton conduct with a disregard for the safety of the plaintiff. The trial court granted defendant's motion for summary judgment finding that the evidence of record failed to support the imposition of a duty on the owner of the premises in the instant case to protect an invitee against the criminal attacks of third parties. Plaintiff appeals that order.
On December 20, 1985, the plaintiff was a patron of Goodlife. He was dancing with Mi Young Park, an off-duty waitress; and while dancing, he casually bumped into an unknown man. He apologized to the unknown man and continued to dance with Ms. Park. Since it was a casual bump and there appeared to be no danger to the *479 plaintiff, no one associated with Goodlife was notified of the incident. Immediately following plaintiff's apology, the unknown man hit the plaintiff in the nose with a single blow without any threats or warnings. Plaintiff was unable to defend himself due to the suddenness of the blow. Neither the plaintiff, Ms. Park nor Brian Fordon, another witness to the incident, had seen the assailant prior to that evening. John Sodini, a post-occurrence witness, also testified that he had not seen the assailant prior to that evening. Ms. Park stated that she had served the assailant a drink earlier in the evening when she was on duty, but he did not give her any indication that he would cause any trouble.
Plaintiff contends on appeal that the trial court erred in granting summary judgment, since under the particular factual matrix of the case at bar, Goodlife owed its invitees a duty to protect them against the misconduct of third parties. He argues vigorously that the situation was foreseeable. In support of that contention he points to the strict policy that was maintained by Goodlife of prohibiting the dance floor from becoming overcrowded as an indication that Goodlife had knowledge and foresaw the potential danger to life and limb of an overcrowded dance floor.
Summary judgment is a drastic measure for disposing of a case and it should be granted only in instances where the right of the movant is clear and free from doubt. (Purtill v. Hess (1986), 111 Ill.2d 229, 240, 489, 95 Ill.Dec. 305, 489 N.E.2d 867.) However, summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with any affidavits show that the moving party is entitled to judgment as a matter of law. (Ill.Rev.Stat.1987, ch. 110, par. 2-1005; Rowe v. State Bank of Lombard (1988), 125 Ill.2d 203, 215, 126 Ill.Dec. 519, 531 N.E.2d 1358.) A motion for summary judgment must be strictly construed against the movant and liberally in favor of the opponent. (Rowe, 125 Ill.2d at 214, 126 Ill.Dec. 519, 531 N.E.2d 1358; In re Estate of Whittington (1985), 107 Ill.2d 169, 177, 90 Ill.Dec. 892, 483 N.E.2d 210.) We have frequently held that although the opponent of a summary judgment motion does not have to prove his case, he must present some facts that would arguably entitle him to judgment. (N.W. v. Amalgamated Trust & Savings Bank (1990), 196 Ill. App.3d 1066, 1075, 143 Ill.Dec. 694, 554 N.E.2d 629; Martin v. 1727 Corp. (1983), 120 Ill.App.3d 733, 737, 76 Ill.Dec. 336, 458 N.E.2d 990).
In a negligence action, there can be no recovery by a plaintiff as a matter of law unless the plaintiff presents sufficient facts to establish the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately resulting from the breach. (Rowe, 125 Ill.2d at 215, 126 Ill.Dec. 519, 531 N.E.2d 1358; N.W., 196 Ill.App.3d at 1071, 143 Ill.Dec. 694, 554 N.E.2d 629; Curtis v. County of Cook (1983), 98 Ill.2d 158, 162, 74 Ill.Dec. 614, 456 N.E.2d 116.) The existence of a duty is a question of law to be determined by the court based on whether there is a relationship between the parties which requires the imposition of a legal obligation upon one party for the benefit of another. (Rowe, 125 Ill.2d at 215, 126 Ill. Dec. 519, 531 N.E.2d 1358; Pelham v. Griesheimer (1980), 92 Ill.2d 13, 18-19, 64 Ill.Dec. 544, 440 N.E.2d 96; Cunis v. Brennan (1974), 56 Ill.2d 372, 374, 308 N.E.2d 617; Burks v. Madyun (1982), 105 Ill. App.3d 917, 919, 61 Ill.Dec. 696, 435 N.E.2d 185.) The general rule in Illinois is that a landowner has no duty to protect persons from criminal activity of third parties on his property unless there exists a "special relationship" between the parties. (Rowe, 125 Ill.2d at 216, 126 Ill.Dec. 519, 531 N.E.2d 1358; N.W., 196 Ill.App.3d at 1071, 143 Ill.Dec. 694, 554 N.E.2d 629; Restatement (Second) of Torts sec. 314 (1965).) Illinois Courts recognize four special relationships which impose a legal duty to warn or protect a person from harm, i.e., (1) carrier-passenger; (2) innkeeper-guest; (3) business inviter and invitee, and (4) one who voluntarily takes custody of another in such a manner that it deprives the person of his normal opportunities for protection. (Burks, 105 Ill.App.3d 917, 920, 61 Ill.Dec. 696, 435 N.E.2d 185; Restatement (Second) *480 of Torts sec. 314A (1965).) A person is classified as an invitee on the land of another if "(1) he enters by invitation, express or implied, (2) his entry is connected with the owner's business or with an activity the owner conducts or permits to be conducted on his land and (3) there is a mutuality of benefit or a benefit to the owner." (Barmore v. Elmore (1980), 83 Ill.App.3d 1056, 1058-59, 38 Ill.Dec. 751, 403 N.E.2d 1355, quoting Madrazo v. Michaels (1971), 1 Ill. App.3d 583, 587, 274 N.E.2d 635, 638.) It is undisputed that the plaintiff in the instant case satisfies the requirements for a business invitee.
There is an exception to the general rule of no duty to protect where the criminal acts should reasonably have been foreseen by the landowner. (Rowe, 125 Ill.2d at 215-16, 126 Ill.Dec. 519, 531 N.E.2d 1358; Boyd v. Racine Currency Exchange, Inc. (1973), 56 Ill.2d 95, 97, 306 N.E.2d 39; Neering v. Illinois Central R.R. Co. (1943), 383 Ill. 366, 50 N.E.2d 497; N.W., 196 Ill.App.3d at 1071, 143 Ill.Dec. 694, 554 N.E.2d 629; Getson v. Edifice Lounge, Inc. (1983) 117 Ill.App.3d 707, 711, 72 Ill.Dec. 826, 453 N.E.2d 131.) To create a legal duty to guard against the criminal attacks of third persons there must have been more then a possibility that the act was foreseeable; the act must have been reasonably foreseeable. (See Cunis (1974), 56 Ill.2d 372, 308 N.E.2d 617. "No man can be expected to guard against harm from events which are not reasonably to be anticipated at all, or are so unlikely to occur that the risk although recognizable, would commonly be disregarded." (Cunis, 56 Ill.2d at 378, 308 N.E.2d 617, quoting Prosser, Handbook of the Law of Torts (4th ed. 1971), sec. 31 at 146.) Foreseeability is determined based on the facts and circumstances of each case. (Yangas v. Charlie Club, Inc. (1983), 113 Ill.App.3d 398, 403, 69 Ill.Dec. 267, 447 N.E.2d 484; Getson, 117 Ill.App.3d at 711, 72 Ill.Dec. 826, 453 N.E.2d 131.) Although the basic test for determining the existence of a duty is foreseeability, our courts have held that foreseeability alone does not establish the existence of a duty. (Rowe, 125 Ill.2d at 227, 126 Ill.Dec. 519, 531 N.E.2d 1358; Boyd, 56 Ill.2d at 99, 306 N.E.2d 39; Cunis, 56 Ill.2d at 375, 308 N.E.2d 617.) Courts must also consider the likelihood of injury, the magnitude of the burden to the defendant of guarding against the injury and the consequences of placing the burden upon the defendant. Rowe, 125 Ill.2d at 228, 126 Ill.Dec. 519, 531 N.E.2d 1358; Boyd, 56 Ill.2d at 99, 306 N.E.2d 39; N.W., 196 Ill.App.3d at 1071, 143 Ill.Dec. 694, 554 N.E.2d 629; Badillo v. DeVivo (1987), 161 Ill.App.3d 596, 599, 113 Ill.Dec. 696, 515 N.E.2d 681.
Plaintiff contends that Goodlife's acts or omissions created a condition which was conducive to a foreseeable intervening act. Our courts have held that:
"Generally, where between the defendant's negligence and the plaintiff's injury an independent, illegal act of a third person has intervened which causes the plaintiff's injury, and without which it would not have occurred, the criminal act is a superseding cause of injury relieving the originally negligent party of liability, (citation). There is an exception where the defendant's acts or omissions create a condition conducive to a foreseeable intervening criminal act. If the criminal act is reasonably foreseeable at the time of the negligence, the causal chain is not necessarily broken by the intervention of such an act." Rowe, 125 Ill.2d at 224, 126 Ill.Dec. 519, 531 N.E.2d 1358; Lillie v. Thompson (1947), 332 U.S. 459, 462, 68 S.Ct. 140, 142, 92 L.Ed. 73, 75; N.W., 196 Ill.App.3d at 1075, 143 Ill.Dec. 694, 554 N.E.2d 629.
Even if Goodlife was negligent in allowing its floor to become overcrowded, the unknown assailant's criminal act of hitting the plaintiff in response to a casual bump on a crowded dance floor was not reasonably foreseeable. Therefore, the causal chain was broken by the intervention of the unknown assailant's act. (See Rowe, 125 Ill.2d at 224, 126 Ill.Dec. 519, 531 N.E.2d 1358.) Moreover, plaintiff also failed to establish the existence of special conditions to show that criminal activity would likely occur. Although plaintiff asserts that drinking and free form dancing on an over-crowded *481 dance floor would put a prudent tavern-keeper on notice of the probability of danger, plaintiff's deposition testimony revealed that he viewed casual bumping as nothing major and continued to dance. Moreover, Ms. Park likewise testified that she did not believe that there was any reason to inform the bouncer, bartender, or manager of P.S. Chicago about the incident because casual bumping was a frequent occurrence on the dance floor. As the trial court so aptly noted, had the injury been sustained as a result of tripping on another person, indubitably that would be foreseeable on a crowded dance floor. However, it is not reasonable to suggest that the fact that a dance floor is overcrowded would place a reasonable person on notice that a spontaneous and violent attack would be triggered by virtue thereof.
Plaintiff correctly asserts that a tavern operator has a duty to protect its invitees from foreseeable dangers caused by third parties. (Badillo, 161 Ill.App.3d at 598, 113 Ill.Dec. 696, 515 N.E.2d 681; St. Phillips v. O'Donnell (1985), 137 Ill.App.3d 639, 92 Ill.Dec. 354, 484 N.E.2d 1209.) However, the commonlaw duty of reasonable care cannot be extended to a duty to protect against the criminal attacks of third persons unless circumstances such as prior incidents charge the owner or occupier of land with knowledge of the danger. (See Neering, 383 Ill. 366, 50 N.E.2d 497; Burks, 105 Ill.App.3d at 921, 61 Ill.Dec. 696, 435 N.E.2d 185; see also Yangas, 113 Ill.App.3d at 401, 69 Ill.Dec. 267, 447 N.E.2d 484.) The issues in the present case of foreseeability and knowledge are very similar to the issues raised in Yangas, 113 Ill.App.3d 398, 69 Ill.Dec. 267, 447 N.E.2d 484 and Getson, 117 Ill.App.3d 707, 72 Ill.Dec. 826, 453 N.E.2d 131, wherein we concluded that the defendants had no duty to protect persons from the criminal acts of third parties where they were not aware that the attackers were dangerous prior to the attacks.
In the instant case, the plaintiff has failed to present any evidence to support his assertion that the criminal activity was reasonably foreseeable. There was no allegation or evidence presented that the unknown assailant was intoxicated nor that Goodlife had knowledge of his intoxication. Nor does the record reflect that there was anything in the unknown assailant's actions to put a reasonably prudent person on notice that he was likely to attack anyone since he had not displayed any prior aggression or hostility. Additionally, no allegation or evidence was presented that the unknown assailant had previously caused trouble at Goodlife. Nor was any documentation presented to show that criminal activity in general had previously occurred at Goodlife. Since no special circumstances existed to charge Goodlife with knowledge of the unknown assailant's dangerous propensities, its duty of reasonable care cannot be extended to guard against a sudden criminal attack by a third person. See Yangas, 113 Ill.App.3d 398, 69 Ill.Dec. 267, 447 N.E.2d 484; Getson, 117 Ill.App.3d 707, 72 Ill.Dec. 826, 453 N.E.2d 131.
We therefore conclude that the circumstances in the case at bar do not create a legal duty on the defendant to warn or protect persons from criminal attacks of third parties. Accordingly, the trial court properly granted Goodlife's summary judgment and we therefore affirm the judgment of the circuit court of Cook County.
AFFIRMED.
BUCKLEY, P.J., and O'CONNOR, J., concur.