FRANK COSTA, Indiv. and on behalf of Jeanne Costa, Plaintiff-Appellant, v. PATRICK GLEASON *et al.*, Defendants (New Earth, Inc., d/b/a Stay Out All Night Discotheque, Defendant-Appellee).

First District (4th Division)   No. 1—92—0806

Opinion filed November 4, 1993.

Joseph R. Curcio, Ltd., of Chicago, for appellant.

Claude B. Kahn and Glenn J. Kahn, both of Kipnis, Kahn & Bruggeman, Ltd., of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Frank Costa, brought a negligence action in the circuit

court of Cook County to recover damages for injuries he suffered in a lounge owned by defendant, New Earth, Inc., an Illinois corporation, doing business as Stay Out All Night Discotheque. The trial court granted defendant's summary judgment motion and plaintiff then filed a motion for reconsideration of defendant's motion. Plaintiff's motion for reconsideration was denied and it is from this denial that he appeals.

On appeal, plaintiff contends that (1) summary judgment was improperly entered as "some injury" to him was foreseeable as a result of defendant's negligence regarding the locking of the lounge doors after closing hours; and (2) the trial court erroneously reached its foreseeability and duty determinations without considering other relevant factors.

We affirm.

On March 12, 1989, at approximately 7:30 a.m., plaintiff entered defendant's lounge. As the lounge was officially closed, Jeff Karris, an employee, locked the front door. Plaintiff and Karris proceeded to have a conversation. Karris then observed a couple in the lounge unlocking the front door to let themselves out. As they were leaving, he walked to the front door to lock it again. As Karris approached the front door, Patrick Gleason entered the lounge while the couple was exiting. Karris told Gleason that the lounge was closed and asked him to leave.

Gleason shouted an expletive at Karris and raised a gun from his side. Plaintiff, realizing Gleason had a gun, exclaimed, "Jeff, he's got a gun." Gleason then pointed the gun at plaintiff, who was sitting at the bar, and fired two shots. One of the shots hit plaintiff and the other went over his head. Gleason fired a third shot, hitting Karris, as he tried to run away.

On September 12, 1991, the trial court granted defendant's summary judgment motion predicated on the fact that defendant did not owe a duty to protect plaintiff against the attack because it was not reasonably foreseeable. On November 1, 1991, plaintiff filed a motion for reconsideration of the grant of summary judgment. On February 6, 1992, the motion was denied. Plaintiff appeals.

Initially, plaintiff asserts that "some injury" to him was reasonably foreseeable as a result of defendant's negligence regarding the locking of the doors after closing hours. We disagree.

"It has long been the law in Illinois that a plaintiff, in a cause of action based on negligence, must establish the existence of a duty, a breach of that duty, and an injury proximately resulting from a breach of that duty." (*Neimiec v. Roels* (1993), 244 Ill. App. 3d 275, 277.) The existence of such a duty is a question of law to be decided by the court. *Badillo v. De Vivo* (1987), 161 Ill. App. 3d 596, 597.

Our threshold inquiry, therefore, is whether defendant owed a duty to plaintiff. A duty arises if sufficient facts exist to put defendant on notice that an intervening criminal act is likely to occur. In other words, the existence of a duty is determined by whether the act is reasonably foreseeable. (*Gill v. Chicago Park District* (1980), 85 Ill. App. 3d 903, 905.) Our supreme court has also enumerated other factors pertinent to the duty determination, including the likelihood of injury, the magnitude of the burden of guarding against such injury, and the consequence of placing that burden on defendant. *Lance v. Senior* (1967), 36 Ill. 2d 516.

As a tavern operator, defendant's duty is "to take reasonable action to protect its invitees from foreseeable dangers caused by third persons." (*Badillo*, 161 Ill. App. 3d at 598.) Here, plaintiff offered no evidence which would have alerted defendant that patrons were likely to be shot on the premises. Plaintiff also failed to submit evidence of previous disruptions, acts of violence, or warnings of any sort which would have given defendant notice that such an assault was probable. Accordingly, we conclude that defendant did not have a duty to protect plaintiff from this type of harm.

Next, plaintiff argues that the trial court's determinations of duty and foreseeability were erroneous as it failed to consider "other relevant factors" in making both determinations. Specifically plaintiff contends, relative to the determination of duty, that the trial court should have considered the likelihood of injury to him, the magnitude of the burden on defendant of guarding against such injury, and the consequences of placing that burden upon defendant in addition to other public policy and social considerations.

While these factors have been deemed relevant to the determination of duty, the foreseeability element remains crucial. In assessing whether to impose a duty on defendant, it follows that we would need to establish whether the event was among those defendant might have reasonably anticipated would occur. We know of no rule of law that imposes a duty on a defendant, based solely on policy considerations, to protect against the criminal conduct of a third party when such conduct was unforeseeable.

The occurrence in this case, an individual entering a lounge, pulling out a gun and opening fire, is so extreme that it is difficult to conceive of how defendant could have guarded against it. Further, as a policy matter, it would be unreasonable to require defendant to assume the duty of guarding against an isolated occurrence no one could have foreseen.

"[W]hen an appellate court is faced with an appeal involving only the propriety of summary judgment, the *de novo* standard of review

should be applied—the appellate court, like the trial court, determines whether there is a genuine issue of material fact." (*Demos v. National Bank* (1991), 209 Ill. App. 3d 655, 659-60.) In determining whether the trial court properly granted summary judgment, we must evaluate all grounds submitted and all facts presented. (*Gill v. Chicago Park District* (1980), 85 Ill. App. 3d 903, 906.) In view of the above discussion regarding the nonexistence of a duty on the part of defendant, we conclude that there is no issue of material fact upon which a jury could have entered a verdict in plaintiff's favor.

For the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAHILL, P.J., and HOFFMAN, J., concur.