First Division
 September 9, 1996












1-95-1350

JAMES SHORTALL, ) Appeal from the
 ) Circuit Court
 Plaintiff-Appellant, ) of Cook County.
 )
 v. )
 )
HAWKEYE'S BAR AND GRILL, and )
EDWARD CLAUSSEN, ) Honorable
 ) Patrick E. McGann,
 Defendants-Appellees. ) Judge Presiding.


 JUSTICE BUCKLEY delivered the opinion of the court:

 Plaintiff, James Shortall, brought an action in the circuit
court of Cook County to recover for personal injuries sustained
in a fight that occurred outside Hawkeye's Bar and Grill
(Hawkeye's). Counts I through III of the complaint were brought
against Hawkeye's and its owner, Edward Claussen (defendants),
alleging negligence, willful and wanton conduct, and premises
liability. Counts IV and V were brought against Louis Rodriguez,
alleging battery and willful and wanton conduct. The trial court
granted summary judgment in favor of Hawkeye's and Claussen;
plaintiff's claims against Rodriguez remain pending below. On
appeal, plaintiff contends that the trial court erred in finding,
as a matter of law, that defendants owed no duty to plaintiff to
take action to prevent a criminal attack by a third party because
plaintiff had left the tavern. 
 At approximately 8 p.m. on April 12, 1991, plaintiff went to
Hawkeye's at 1458 West Taylor Street in Chicago with a group of
friends. At about 1:40 a.m. on April 13, the bartender announced
"last call," and Patricia Wald, a friend of plaintiff, approached
the bar to get a drink. While she was waiting to be served,
plaintiff noticed that three men sitting at the bar were
"hassling" and "grabbing" her. Plaintiff approached Wald and
asked her if she wanted to leave. One of the men at the bar told
plaintiff to "take a hike," and plaintiff told them to "forget
about it." Plaintiff stated in his deposition that the bartender
heard the exchange. When Wald received her drink, she and
plaintiff returned to their table.
 A few minutes later, plaintiff was standing next to his
table with his back towards the bar. The three men who had been
harassing Wald walked behind plaintiff, and one of them threw an
elbow into his back, knocking him off balance into the table. 
Plaintiff got up and turned around. One of the men asked
plaintiff if he wanted to "take it outside." Plaintiff said he
did not want to go outside with them, but if they wanted to wait,
he was going to have to leave some time. Then the three men left
the tavern. 
 A few minutes later, plaintiff, Wald, and two other
individuals decided to leave and began walking toward the door. 
Wald and the others stopped to talk to someone, and plaintiff
went outside by himself. Plaintiff saw the three men with whom
he had bickered, but he started walking towards his car, which
was about 60 feet away on Taylor Street. He took a couple of
steps, and the men approached him. Plaintiff testified that the
three men were standing directly in front of a Hawkeye's window,
and the bouncer was inside looking out at them. Plaintiff and
one of the men exchanged punches and began wrestling. The bar
"cleared out," and the other patrons watched the rest of the
fight. A short time later, one of the other men also challenged
plaintiff, but plaintiff declined.
 As plaintiff was about to walk away, a woman who had been
inside the bar yelled at him to leave her boy friend alone and
smashed a beer bottle over his head. As plaintiff stood looking
at the woman, another man punched him in the mouth. The fight
escalated to include numerous people who had exited the bar,
including Louis Rodriguez. Rodriguez approached plaintiff from
behind with a knife drawn and stabbed him in the neck, back,
chest, and arm. 
 Plaintiff stated that the entire incident outside the bar
lasted about 15 minutes and that Hawkeye's employees were
watching out the window. Plaintiff stated that no one called the
police, and none of the bouncers attempted to stop the fight. He
also claimed that after the fight began, Claussen ushered the
other patrons out of the bar, which caused the fight to escalate. 
After being stabbed, plaintiff left the scene and drove himself
to the hospital where he received over 200 stitches. 
 Claussen stated in his deposition that he did not witness
any of the fight, but that he called the police because of the
number of people congregated outside the bar. Furthermore, none
of the fight outside the bar occurred on property owned or
controlled by Hawkeye's.
 Defendants filed a motion for summary judgment. The court
held that defendants owed plaintiff no duty because the incident
took place outside the premises of the tavern and Hawkeye's
employees had no knowledge of the initial altercation occurring
in the bar. Therefore, the court held that the duty of an owner-
occupier to prevent attacks on invitees by third parties was not
applicable in this case. The court granted summary judgment in
favor of defendants, and plaintiff filed a timely notice of
appeal.
DISCUSSION
 In examining an order granting summary judgment, the
appellate court must conduct a de novo review. Outboard Marine
Corp. v. Liberty Mutual Insurance Co., 154 Ill. 2d 90, 102, 607
N.E.2d 1204, 1209 (1992). Summary judgment is appropriate where
there are no genuine issues of material fact and the moving party
is entitled to judgment as a matter of law. Outboard Marine
Corp., 154 Ill. 2d at 102, 607 N.E.2d at 1209. However, it is a
drastic measure which should not be granted if the movant's right
to judgment is unclear or where reasonable people could draw
divergent inferences from undisputed facts. Outboard Marine
Corp., 154 Ill. 2d at 102, 607 N.E.2d at 1209. 
 Plaintiff argues that the trial court erred in finding that
once plaintiff left the tavern, defendants no longer owed him any
duty. Generally, Illinois imposes no duty to protect others from
the criminal acts of third parties unless (1) a special
relationship exists between the parties, and (2) the criminal
attack was reasonably foreseeable. Jackson v. Shell Oil Co., 272
Ill. App. 3d 542, 547, 650 N.E.2d 652, 655 (1995). Under
Illinois law, a special relationship exists between an owner of
land and an invitee who enters the premises for the purpose of
conducting business. Loomis v. Granny's Rocker Nite Club, 250
Ill. App. 3d 753, 758, 620 N.E.2d 664, 668 (1993). A criminal
attack by a third person is reasonably foreseeable when the
circumstances are such as to put a reasonably prudent person on
notice of the probability of an attack or when a serious physical
altercation has already begun. Lucht v. Stage 2, Inc., 239 Ill.
App. 3d 679, 686, 606 N.E.2d 750, 755 (1992).
 It is undisputed that plaintiff went to Hawkeye's at about 8
p.m. on April 12, 1991, and left shortly before 2 a.m. on April
13. The altercation between plaintiff and the three men who
plaintiff claimed were harassing Wald began inside the bar. The
fight and the stabbing that caused plaintiff's injuries occurred
on the sidewalk and street outside the front door after plaintiff
had exited the bar.
 In Getson v. Edifice Lounge, Inc., 117 Ill. App. 3d 707, 453
N.E.2d 131 (1983), a bar owner allowed three members of a
motorcycle gang called the "Outlaws" into the bar. At least one
gang member was wearing a knife on his belt and another was
wearing a jacket with "Outlaws" written on the back. The owner
of the tavern did not ask that the knife be removed, but he did
ask that the jacket be removed because he believed the display of
gang insignia might create a disturbance. Later, the plaintiff
bumped into one of the gang members and exchanged heated words in
the foyer on his way outside. At least two gang members followed
the plaintiff outside into the street, and one of them stabbed
him in the side and chest. Once he became aware of the
altercation, the tavern owner instructed the doorman not to allow
anyone in or out of the bar and called the police. The entire
incident lasted between 30 seconds and one minute. Getson, 117
Ill. App. 3d at 709-10, 453 N.E.2d at 133. 
 The court found that when it became apparent to the tavern
owner that a fight had developed outside the bar, he had a duty
to take reasonable steps to protect his invitees. Getson, 117
Ill. App. 3d at 712-13, 453 N.E.2d at 135. The court also found,
however, that the owner did not breach this duty because he acted
reasonably in preventing anyone from entering or exiting the
tavern and in calling the police. 
 Here, the altercation between plaintiff and the three men
harassing Wald involved a short exchange of words and a push in
the back, which escalated to a fistfight outside. Defendants
claim, however, that a criminal attack was not foreseeable to
them because neither Claussen nor any employee of the tavern was
aware of the developing altercation. Plaintiff, on the other
hand, claims that employees witnessed some of the preliminary
incident occurring inside and that Claussen and a bouncer knew
about the fight as it erupted outside. For purposes of a motion
for summary judgment, we must resolve this factual dispute in
favor of plaintiff. McCarthy v. Johnson, 122 Ill. App. 3d 104,
107, 460 N.E.2d 762, 765 (1983). Therefore, as in Getson, a
criminal act was reasonably foreseeable once the fight began
outside the bar.
 Defendants claim that even if the fight was apparent or
reasonably foreseeable, they owed plaintiff no duty at the time
the injury occurred because he had left the tavern. Defendants
rely mainly on Badillo v. DeVivo, 161 Ill. App. 3d 596, 515
N.E.2d 681 (1987), in which this court held that there is no
"Illinois authority which would require a tavern owner to protect
its invitees from foreseeable dangers caused by third persons off
the tavern's premises." Badillo, 161 Ill. App. 3d at 598, 515
N.E.2d at 683. The court noted that in cases where the tavern
operator has been held liable, the injury occurred on the
premises or in an adjacent parking lot. Badillo, 161 Ill. App.
3d at 598, 515 N.E. 2d at 683. In Badillo, however, the assault
occurred half a block away, and the court held that the tavern
operator was not obligated to escort the plaintiff to safety
after she left the proximity of the bar. Badillo, 161 Ill. App.
3d at 598, 515 N.E.2d at 683.
 The circumstances of this case are analogous to cases where
the tavern owner's duty has been extended to disturbances arising
in the parking lot. Getson, 117 Ill. App. 3d at 709-13, 453
N.E.2d at 133-35; cf. Yangas v. Charlie Club, Inc., 113 Ill. App.
3d 398, 402-03, 477 N.E.2d 484, 488 (1983) (holding that duty on
tavern owner extends to parking lot if it was reasonably
foreseeable that an assault might occur there). The fight in
this case lasted 15 minutes and occurred directly outside the
front door and window of the tavern. Plaintiff claims that
Claussen was aware of both the argument inside and the fight
outside. Furthermore, plaintiff claims that bouncers inside the
bar were watching the fight through the window. Also, according
to plaintiff, people joined the fight as Claussen ushered them
out, causing the fight became even bigger. Again, Claussen
denies many of these allegations, but this dispute merely creates
a genuine issue of material fact. 
 We find that tavern owners may not avoid application of the
duty to act to protect invitees from criminal attack by third
parties simply because the disturbance giving rise to the duty
occurs just out the front door, especially where the owner
contributes to the altercation by sending patrons out into it. 
Since this dispute began in the bar, a challenge was extended to
"take it outside," and a brawl developed just outside the front
door and continued for 15 minutes while Claussen or his employees
watched out the window, Claussen was under the same duty as if
the fight had occurred inside the bar.
 For the foregoing reasons, the trial court's order granting
summary judgment in favor of defendants is reversed, and the
matter is remanded for proceedings consistent with this opinion.
 Reversed and remanded.
 CAMPBELL, P.J., concurs.
 WOLFSON, J., dissents.
1-95-1350

 JUSTICE WOLFSON, dissenting:
 I respectfully dissent.
 It is true that a tavern operator has a duty to take
reasonable action to protect its invitees from foreseeable
dangers caused by third persons. St. Phillips v. O'Donnell, 137
Ill. App. 3d 639, 484 N.E.2d 1209 (1985). But, as we have held,
"In those cases where such a duty has been imposed, however, the
injurious act occurred on the defendant's premises or in a
parking lot owned or operated by the defendant." Badillo v.
DeVivo, 161 Ill. App. 3d 596, 598, 515 N.E.2d 681 (1987). 
 Here, the plaintiff was stabbed by Rodriguez while the two
men were on the public sidewalk. Rodriguez had not been part of
whatever altercation had taken place inside the tavern. No one
in the tavern requested or demanded that the plaintiff leave. 
The plaintiff was stabbed about 15 minutes after he left the
tavern.
 I do not understand a business operator's duty to protect a
customer to extend to the public sidewalks or streets. Until
today, at least, no court in Illinois has so held. I believe the
property line distinction is reasonable and sensible. The
owner's duty is to keep his premises reasonably safe for use of
invitees and licensees. Expanding it to a public sidewalk
creates an unreasonable and unpredictable burden on the operator. 
I would affirm the grant of summary judgment.

 9